COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


SOUTHLAND INDUSTRIES AND
 INTERNATIONAL BUSINESS &
 MERCANTILE CO.
                                    MEMORANDUM OPINION*
v.    Record No. 1485-01-4              PER CURIAM
                                      OCTOBER 2, 2001
WARREN E. EVANS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Douglas A. Seymour; Siciliano, Ellis, Dyer &
          Boccarosse, on brief), for appellants.

          (James E. Swiger; Swiger & Cay, on brief),
          for appellee.


     Southland Industries and its insurer (hereinafter referred

to as "employer") contend that the Workers' Compensation

Commission erred in finding that Warren Evans (claimant) proved

that he was totally disabled beginning April 1, 2000 through

September 14, 2000, as a result of his compensable March 31,

2000 injury by accident.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

--------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In awarding claimant temporary total disability benefits through September 14, 2000, the commission found as follows:

> The medical record shows that on April 5, 2000, [claimant] was advised to remain off work for one week.  He next consulted with Dr. [G.A.] Nejad who, on May 23, 2000, noted that the claimant still could not return to work.  Dr. Nejad referred the claimant to Dr. [Donald G.] Hope, a neurosurgeon, who ruled out surgical intervention but did not mention work incapacity.  Dr. Hope referred the claimant to Dr. [Abraham A.] Cherrick, a physiatrist.  Dr. Cherrick noted that the claimant had been off work since his injury. On September 14, 2000, Dr. Cherrick stated that the claimant had not been able to return to work as a plumber.  On that date, Dr. Cherrick released the claimant to light duty work.

The commission's factual findings are supported by credible evidence, including the medical records and claimant's testimony.  Based upon that evidence, the commission could reasonably infer that claimant was temporarily and totally disabled beginning April 1, 2000 through September 14, 2000. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be

-

disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.